WILLIAMS, Judge.
This litigation arose from construction by the Town of Jonesboro of a sewage oxidation pond within the city limits. John P. Peevy and others, appellees, instituted this suit alleging damages to their land located east of the pond resulting from offensive odors emanating therefrom.
The testimony leaves no doubt that from time to time under certain atmospheric conditions offensive odors reach the property belonging to appellees. During these temporary periods noisome odors and nauseous gases corrupt the air on appellees’ premises. Damages are sought for depreciation in value of appellees’ land due to these offensive odors as a result of improper maintenance and operation of the oxidation pond.
Testimony by an engineer for the State Health Department reveals that when the oxidation pond is properly maintained and operated there is no odor. We conclude, therefore, that the Town of Jonesboro failed to properly maintain and operate the pond.
*380 The trial court granted judgment for damages to appellees’ property for permanent depreciation in value due to noxious odors. In written reasons for judgment, the district judge cites LSA-C.C. arts. 667 and 2315 as governing the present situation:

Art. 667.

“Although a proprietor may do with his estate whatever he pleases, still he can not make any work on it, which may deprive his neighbor of the liberty of enjoying his own, or which may be the cause of any damage to him.”

Art. 2315.

“Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it.”

It is the Town’s position such damages appellees may have sustained are the same suffered by all property owners adjacent to the oxidation pond, and under our jurisprudence no damages are due appel-lees. In support of this position, appellees cite Reymond v. State, Department of Highways, 255 La. 425, 231 So.2d 375 (1970) wherein the court stated:
“The liability of a public body for property taken or damaged but not included within its actual expropriation activity must be limited to those instances where there is a physical taking or damage to that property or a special damage peculiar to the particular property and not general damage sustained by other property similarly located. .
“The criterion for assessing the special damage suffered by a property owner because of the construction of a public project under eminent domain is whether that damage is not suffered by those in the general neighborhood — that is, whether the damage is peculiar to the individual who complains. .
“The damage which a property owner may claim against one exercising the power of eminent domain would exclude non-physical damage, and the physical damage which is recoverable must be proximately caused by the improvement as designed and constructed or must be the probable, the immediate, the direct, and the necessary result and effect of the activities engaged in during construction. In short, compensable physical damage to adjacent property is restricted to that which is actually a consequence of the activity complained, of.”
[231 So.2d 375, 383, 384]
From principles enunciated by our Supreme Court appellees may not recover damages as may be general to the properties in the area by reason of construction of a sewage oxidation pond.
Here, however, it was not construction of the sewage pond which resulted in damages to appellees’ property, but the improper operation and maintenance thereof. The evidence is clear proper maintenance and operation of such a pond would result in no odor. In our opinion, the Town of Jonesboro failed to carry out this duty.
We are in accord with the trial court’s conclusion as to the governing effect of LSA-C.C. arts. 667 and 2315. In determining their applicability to facts in this case it is not necessary to specify the guilty act or acts of the Town’s representatives. It is sufficient that the legal use of its property resulted in noxious and nauseous odors entering upon appellees’ property. Damages resulting therefrom, if proven, are compensable.
The trial court accepted the testimony of appellees’ appraisers and granted damages of $26,000 to appellees, whose appraisers treated the presence of odors on the land as of a permanent nature. In the tidal court’s opinion the odors would affect the use to which the property would be suitable, the market demand, and market price for same.
*381 The Town’s construction of a sewage pond on its property is a legal use, and this use alone should play no part in arriving at damage appellees suffered. One of appellees’ appraisers bases some of the damage to the adjacent property on the psychological effect the sewage lagoon would have, regardless of whether it caused an odor or not. This is incorrect. Only improper operation and maintenance of the oxidation pond produces odors resulting in damages to appellees’ property. The evidence does not show the town violates its duty constantly, nor do the odors persist over the property except when the town fails in its duty and there are atmospheric conditions which cause the odors to drift over appellees’ acreage. We conclude that the condition complained of, and thus the damages suffered here, are temporary and noncontinuous, and therefore, not permanent. However, appellees claim permanent damages of depreciation to their property. This may be true when a nuisance is created by the improper operation of public works not subject to abatement. But when the nuisance (odors) is of a temporary or noncontinuous nature, only such damages sustained at the time suit was filed may be recovered. Such damages must be real and not merely an inconvenience. In Galouye v. Blossman, Inc., La.App., 32 So.2d 90 [1st Cir. 1947] it is stated:
“ * * * The courts have often stated that those who reside in our towns and cities must undergo some inconveniences and loss on account of the location and operation of plants and factories which contribute to the welfare of the population in general . . . .”
[32 So.2d 90, 93]
In the trial court’s opinion it is stated:
“The testimony of defendants’ experts, as well as plaintiff’s experts, is too complicated and too voluminous to relate in detail here.”
One of appellees’ appraisers fixes damages to as much as $56,397.98 and the Town of Jonesboro’s appraisers state no damage was suffered.
Herman Bass, appraiser for appellees, refers to the “phychological attitude” among people who might be interested in purchasing property near this pond. He described this as having an adverse effect on the value of tile property.
E. A. Porter places his value on the property before construction and after construction of the pond. There is no breakdown by either of appellees’ appraisers on damage to appellees’ use of their properties due solely to odors emanating from the pond drifting across their property either on a temporary or permanent basis. No appellee lived on the property and no damage was suffered personally by any of them from the effect of the odors.
The foregoing legal principles applied to the facts revealed in the evidence rules out recovery by appellees for diminution in value due solely to construction of the pond. In addition there is no evidence of damages due to the loss of use of appellees’ land which was vacant, and there is no evidence appellees were prevented from making any intended use of their properties. It is appellees’ burden to show by a preponderance of proof such damages exist. Having failed to sustain this burden, it is not permissible for this court to supply it by fixing an amount.
For the foregoing reasons, the judgment of the trial court is reversed and appellees’ suit dismissed at their costs.
Reversed.